UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GERALD THOMAS EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00058-WTL-MJD |
| | ) |
| J. E. KRUEGER COMPLEX WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

A writ of habeas corpus may be granted when it is established that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ordinarily, an action pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction or sentence. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir. 2001). However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001)*; Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

Gerald Thomas Evans is confined within the Southern District of Indiana serving a sentence imposed by the United States District Court for the Eastern District of North Carolina following his conviction for one count of being a felon in possession of a firearm and an enhanced sentence under the Armed Career Criminal Act. *See United States v. Evans,* 326 Fed. App'x 163 (4th Cir. 2009).

In the present action, brought pursuant to 28 U.S.C. § 2241(c)(3), Evans challenges his enhanced sentence. His prior motion for relief pursuant to 28 U.S.C. § 2255 was unsuccessful, from his perspective, having been denied on May 9, 2016. The claim here is that Evans' prior North Carolina state convictions for breaking and entering did not qualify as predicate offenses under the ACCA following *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). This is the same claim which was presented and rejected in the prior § 2255(a) action.

The duplication of collateral challenges is not proper. The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A statute, 28 U.S.C. § 2244(a), "prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015); *see also Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475

(2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence); *Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D.W.Va. Apr. 30, 2015).

Evans brings the action following the filing and adjudication of a prior motion for relief pursuant to 28 U.S.C. § 2255. He is not permitted to use 28 U.S.C. § 2241(c)(3) in this manner. *Romandine v. United States,* 206 F.3d 731, 734 (7th Cir. 2000) ("a prisoner can't file multiple collateral attacks just by omitting the designation '§ 2255' from a motion substantively under that section . . . ."). Evans has thus sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. *See Holliday v. Caraway,* No. 2:14-CV-105-JMS-DKL, 2015 WL 566399, at *1-2 (S.D.Ind. Feb. 10, 2015). His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/11/2017

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GERALD THOMAS EVANS
42163-037
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All registered counsel of record